# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| METRO PREMIUM WINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BOGLE VINEYARDS, INC. and | ) | Removed from the Circuit Court of |
| WINEBOW, INC., | ) | Cook County, Illinois, County |
| | ) | Department, Chancery Division, |
| Defendants. | ) | No. 11 CH 00498 |

## NOTICE OF REMOVAL

Defendants Bogle Vineyards, Inc. ("Bogle") and Winebow, Inc. ("Winebow"), by their attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of their Notice of Removal, Bogle and Winebow state as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff Metro Premium Wines, Inc. ("Metro") originally filed this case on January 5, 2011, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division styled as *Metro Premium Wines, Inc. v. Bogle Vineyards, Inc., et al.*, Case No. 11 CH 00498 (the "State Court Action").

2. On January 12, 2011, Bogle's agent was served with the summons and Complaint in this action, copies of which are attached hereto as Exhibit 1.

3. On January 14, 2011, Winebow's agent was served with the summons and Complaint in this action. A copy of the summons to Winebow is attached hereto as Exhibit 2.

4. Pursuant to 28 U.S.C. § 1446(b), Bogle and Winebow are timely filing this Notice of Removal within 30 days of receipt of service.

5. This Court is the proper venue for removal because the Circuit Court of Cook County, Illinois, County Department, Chancery Division is located within the district and division of the U.S. District Court for the Northern District of Illinois. *See* 28 U.S.C. §§ 1446(a), 93(a)(1).

6. Neither Bogle nor Winebow have been served with any other documents in the State Court Action and, thus, under 28 U.S.C. § 1446(a), the attached summons and Complaint constitute "all process, pleadings, and orders served upon" Bogle and/or Winebow.

7. Neither Bogle nor Winebow have appeared, filed any responsive pleading, or otherwise responded to Plaintiff's Complaint in the State Court Action.

8. Upon the filing of this Notice of Removal, Bogle and Winebow will, pursuant to 28 U.S.C. § 1446(d), promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, where the State Court Action is pending. Pursuant to 28 U.S.C. § 1446(d), Bogle and Winebow will also promptly give written notice to Plaintiff of the filing of this Notice of Removal.

## **DIVERSITY JURISDICTION**

9. Upon information and belief, and as alleged in the Complaint, Plaintiff Metro is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois. (Compl. ¶ 7.) Pursuant to 28 U.S.C. § 1332(c)(1), Metro is a citizen of Illinois.

10. Bogle is a California corporation with its principal place of business in Clarksburg, California. Pursuant to 28 U.S.C. § 1332(c)(1), Bogle is a citizen of California.

11. Winebow is a Delaware corporation with its principal place of business in Montvale, New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Winebow is a citizen of Delaware and New Jersey.

12. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000. (*See, e.g.,* Compl. ¶¶ 55, 59.)

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendants Bogle and Winebow give notice to the Court of the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully request that this Court exercise jurisdiction over the claims asserted in the action as if the case were originally filed before this Court.

Dated: February 9, 2011

/s/ Kenneth E. Kraus
One of the attorneys for Defendant Bogle Vineyards, Inc.

Kenneth E. Kraus (ken@kenkrauslaw.com)
KENNETH E. KRAUS LLC
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
312.447.7216

OF COUNSEL:
John A. Hinman
HINMAN & CARMICHAEL LLP
260 California Street, Suite 1001
San Francisco, California 94111
415.362.1215

OF COUNSEL:
Mark I. Schickman
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
415.541.0200

/s/ Bradley P. Nelson
One of the attorneys for Defendant Winebow, Inc.

Bradley P. Nelson (nelson@sw.com)
Anand C. Mathew (mathew@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive, Suite 2800
Chicago, Illinois 60606
312.701.9300

## **CERTIFICATE OF SERVICE**

I, Anand C. Mathew, an attorney, hereby certify that I caused a copy of the foregoing **Notice of Removal** to be served this 9th day of February, 2011, by messenger delivery upon the following:

>Gary L. Prior
>Mark H. Horwitch
>TABET DIVITO & ROTHSTEIN LLC
>209 South LaSalle Street, 7th Floor
>Chicago, Illinois 60604
>312.762.9450

/s/ Anand C. Mathew